Case 2:23-cv-00246 Document 16 Filed on 01/02/24 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 02, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMANDA C. BENDER., | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00246 |
| | § | |
| GM LAW FIRM, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER GRANTING SUBSTITUTED SERVICE

Before the Court is Plaintiff's to substitute service. (D.E. 13). Plaintiff requests that the Court "grant Plaintiff's Motion to Substitute and allow Plaintiff to serve Defendant a copy of the Summons and Complaint by posting these documents on Defendant's registered agent's door." *Id.* at 3. After review, the Court **GRANTS** the motion. (D.E. 13).

Under Rule 4, service may be executed by "following state law for serving a summons . . . in the state where the district court is located or where service is made" FED. R. CIV. P. 4(e)(1); *see also* FED. R. CIV. P. 4(h)(1)(A). Because this Court is located in Texas, Rule 106 of the Texas Rules of Civil Procedure applies. *See* FED. R. CIV. P. 4(e)(1); TEX. R. CIV. P. 106.[1] Service may be completed by "delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or" by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." TEX. R. CIV. P. 106(a). If a party moves for substituted service and supports the motion with a "statement . . . made under penalty of perjury[—]listing any location where the defendant can

---

[1] Because Plaintiff is attempting to serve Defendant's registered agent in Florida, Florida law could also apply. *See* FED. R. CIV. P. 4(e)(1), (h)(1)(A). However, as Plaintiff does not rely on Florida law, the Court will not analyze it here. *See* (D.E. 13, p. 3).

probably be found and stating specifically the facts showing that service has been attempted under [Rule 106(a)] at the location named in the statement but has not been successful," then a court may allow service "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or . . . in any other manner . . . that the statement or other evidence shows will be reasonably effective" to notify defendant of the suit. TEX. R. CIV. P. 106(b).

Here, Plaintiff asks the Court to allow her "to serve Defendant with a copy of the Summons and Complaint by posting these documents on Defendant's registered agent's door." (D.E. 13, p. 3). Plaintiff supports this motion with a sworn statement attesting that she has attempted to serve the Defendant at its registered address and at its registered agent's residential address multiple times. *See* (D.E. 13-2, p. 1–2; D.E. 15). As such, the Court finds that substituted service is proper per Federal Rule of Civil Procedure 4 and Texas Rule of Civil Procedure 106. *See* FED. R. CIV. P. 4(e)(1), (h)(1)(A); TEX. R. CIV. P. 106(a)–(b).

### III. Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for substituted service. (D.E. 13). Plaintiff may perfect service of process **on or before January 19, 2024.** *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (noting courts' discretionary power to extend time for service). Plaintiff may effectuate substituted service on Defendant by firmly affixing a true copy of the summons, with a copy of Plaintiff's complaint, and the instant Order Granting Substituted Service to the front door of Defendant's registered agent's home address—9825 Savona Winds Drive, Delray Beach, Florida 33432. *See* (D.E. 13-1, p. 1) (indicating Chantel Grant is Defendant's registered agent); (D.E. 13-2, p. 2) (noting that Grant's address was confirmed via property ownership records); (D.E. 15) (providing

Grant's residential address); *Mora v. Lowe's Cos., Inc.*, No. 5:19-CV-107, 2021 WL 9031094, at *2 (S.D. Tex. May 10, 2021) (Kazen, Mag. J.) (allowing service by posting documents on front door of residence).

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
January 2, 2024